**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MICHAEL MULCAHY,<br><br>        Plaintiff,<br><br>vs.<br><br>CITY OF BAYONNE; BAYONNE POLICE DEPARTMENT; DET. ROMAN POPOWSKI, Individually and in his official capacity as a Detective for the Bayonne Police Department; OFFICER FRANCIS STYLES, Individually and in his official capacity as a Police Officer for the Bayonne Police Department; OFFICER MIGUEL CAMACHO, Individually and in his official capacity as a Police Officer for the Bayonne Police Department; SGT. CAAMANO, Individually and in his official capacity as a Sergeant for the Bayonne Police Department;  JOHN DOES 1-10 (fictitious names), Individually and in their official capacities as Employees, Agents, and/or Police Officers for the City of Bayonne and/or Bayonne Police Department,<br>        Defendants. | Civil Case No. _____<br><br><br><br><br>**COMPLAINT AND JURY DEMAND** |

The Plaintiff residing in Bayonne, New Jersey, complaining of the Defendants, says:

## JURISDICTION AND VENUE

1.      This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3).  This Court has supplemental jurisdiction over the state law causes of action under 28 U.S.C. § 1367(a).

2.      Venue is proper in this District pursuant to 28 U.S.C. 1391(b)(2) because the events/omissions giving rise to these causes of action all occurred in the District of New Jersey.

## PARTIES

3.  Plaintiff was at all material times a resident of Bayonne, New Jersey.

4.  Defendants, Det. Roman Popowski ("Popowski"), Officer Miguel Camacho ("Camacho"), Officer Francis Styles ("Styles"), and Sgt. Caamano ("Caamano"), at all times relevant to this complaint, were duly appointed Officers of the Bayonne Police Department acting under color of law.  Defendants, Popowski, Camacho, Styles, and Caamano are being sued individually and in their official capacities.

5.  The City of Bayonne ("Bayonne") is a municipal corporation and a public employer of the individual Defendants.

6.  The Bayonne Police Department is and was, at all times relevant to this matter, a division and/or department of the City of Bayonne entrusted with, among other things, enforcing federal, state and local laws and ordinances, and otherwise

ensuring the safety of people and property within the jurisdictional limits of the City of Bayonne.

7. Defendants, John Does 1-10, are presently unknown police officers, employees, agents and/or representatives of the City of Bayonne and/or Bayonne Police Department whose unlawful actions are described, referenced and/or set forth herein.  All are being sued individually and in their official capacities.

## CAUSE OF ACTION

8. Plaintiff was gainfully employed by Bayonne until his unlawful termination that took place on or about July 15, 2017.

9. At the time of Plaintiff's employment Mark A. Smith was the Mayor of Bayonne.

10. In 2014, Mark A. Smith ran for reelection in hotly contested mayoral race against James Davis.

11. James Davis, who is currently the Mayor in Bayonne, ultimately prevailed in a run-off election and assumed the mayoral position.

12. Plaintiff was very active in Mark A. Smith's reelection campaign.

13. Popowski was a staunch supporter of James Davis' 2014 mayoral run.

14. Shortly after James Davis assumed his seat as Mayor of Bayonne the City's Business Administrator Joseph DeMarco terminated Plaintiff's employment in retaliation for supporting the incumbent.

15. On May 5, 2017, Plaintiff, who was now nearly two years past his unlawful termination, was in Bayonne, New Jersey when individual members of the

Bayonne Police Department who are staunch allies of the current administration further retaliated against Plaintiff.

16. On May 5, 2017, Plaintiff was in the area of Judickie's Bakery located at 763 Broadway in Bayonne, New Jersey when he observed a vehicle parked illegally and obstructing the intersection.

17. Plaintiff approached the vehicle and documented the vehicle's position by taking photos.

18. As Plaintiff was taking photographs Popowski approached Plaintiff angrily.

19. Popowski was angry that Plaintiff was taking photographs of his vehicle.

20. As Popowski's bizarre behavior escalated Plaintiff made efforts to deescalate the situation by asking to leave.

21. Popowski, however, refused to allow Plaintiff to leave to no lawful reason.

22. Popowski's behavior then morphed from bizarre to delusional.

23. Popowski claimed that Plaintiff intentionally struck him with his vehicle as he left the scene.

24. Popowski relayed this whimsical claim to Camacho and Caamano who responded to the scene.

25. Camacho and Caamano, without conducting any investigation whatsoever, broadcast a description and plate number of Plaintiff's vehicle to all available units.

4

26. Unbeknownst to the officers, Plaintiff was headed to the Bayonne Police Department himself to report Popowski's conduct and seek assistance.

27. As Plaintiff was travelling on Avenue C toward the Bayonne Police Department Styles observed Plaintiff.

28. Upon observing Plaintiff Styles performed a motor vehicle stop.

29. Rather than receiving the help Plaintiff was expecting, Styles immediately arrested Plaintiff and transported him to headquarters and had his car impounded.

30. Popowski, after receiving some very brisk medical attention, responded to police headquarters and swore out perjure laden complaints charging Plaintiff with Aggravated Assault, Possession of a Weapon and Possession of a Weapon for an Unlawful Purpose.

31. Camacho then falsely swore out motor vehicle tickets for Reckless Driving, Leaving the Scene of an Accident and Failure to Report an Accident.

32. When Popowski was asked to elaborate on the motive behind the incident he explained that it was politics.

33. One can only imagine the politics Popowski was referring to was the 2014 mayoral race that Plaintiff's candidate fell short on and Popowski's candidate took victory.

34. Shortly after his arrest Plaintiff provided the Hudson County Prosecutor's Office with video surveillance from a building near the scene that showed the officers' version of events and charges against Plaintiff were fabricated.

35. When the authorities attempted to question Popowski about the incident he invoked his 5th Amendment Right to remain silent.

36. Shortly thereafter all the charges and motor vehicle tickets against Plaintiff were administratively dismissed by the State.

37. Indeed, the defendant officers have long, well documented, histories of engaging in improper and criminal behavior that has violated multiple people's civil rights.

38. Popowski, in his capacity as a police officer with the Bayonne Police Department, was previously charged with Aggravated Assault.

39. Popowski later plead guilty to the charge and was placed in a diversionary program.

40. Remarkably, the only punishment Popowski received for that incident was a suspension before being allowed to return to the streets as a police officer.

41. Shortly thereafter Popowski was again involved in an accident in which a member of the public was brutalized by members of the Bayonne Police Department who, like here, attempted to cover up their own conduct with perjure-laden police reports and false charges.  See, Rios v. Bayonne.

42. In addition, Styles and Camacho were both parties to the matter of Walsh v. Bayonne.

43. Styles was under Federal Indictment for his role in that matter at the time of this incident.

44. Styles is under the Federal Indictment for Civil Rights violations today.

45. Despite being under the Federal Indictment the Bayonne Police Department apparently allows him to roam the streets upholding the laws that he is accused of trampling.

**FIRST COUNT**
**Retaliation/Reprisal for Engaging in Protected Activity/**
**Free Speech/Chilling Effect**
**42 U.S.C. § 1983;**
**New Jersey Civil Rights Act N.J.S.A. § 10:6-2, et. seq.; &**
**New Jersey Constitution**

46. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

47. Plaintiff was a public employee of Defendant City of Bayonne.

48. Defendant City of Bayonne deprived Plaintiff of his rights under the First and Fourteenth Amendments of the United States Constitution, 42 U.S.C. § 1983, the Constitution of the State of New Jersey as well as the New Jersey Civil Rights Act by failing to take action, targeting and retaliating against Plaintiff for political reasons,

49. More specifically, and as stated in the proceeding paragraphs, Defendant City of Bayonne and the Defendant Officers retaliated against Plaintiff because he actively and whole heartedly campaigned for the incumbent Mayor who ultimately heeded his seat to the present administration.

## SECOND COUNT
### False Arrest/Imprisonment
### 42 U.S.C. § 1983 and the
### New Jersey Civil Rights Act N.J.S.A. § 10:6-2 *et seq.*

50. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

51. At all relevant times, the Defendant Officers were the agents, servants and/or employees of defendants City of Bayonne and/or Bayonne Police Department and were, at all times, acting in their official capacity as law enforcement officers.

52. Plaintiff was detained, arrested and/or imprisoned despite a lack of probable cause and/or other satisfactory legal justification or support.

53. Defendants intentionally, wrongfully, unlawfully, maliciously and without lawful justification or cause, probable or otherwise, arrested, detained, confined and/or caused the confinement of Plaintiff.

54. By reason and/or as a result of Defendants' acts and/or omissions, Plaintiff was deprived of his liberty, caused physical and emotional injury, anguish, and embarrassment, and was otherwise injured and/or harmed.

## THIRD COUNT
### Illegal Search and Seizure
### 42 U.S.C. § 1983 and the
### New Jersey Civil Rights Act N.J.S.A. § 10:6-2 *et seq*

55. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

56. The Defendant Officers, without any warrant or justification, wholly lacking in any cause whatsoever, probable or otherwise, illegally and improperly searched,

8

detained, arrested, and seized Plaintiff, and caused a criminal complaint to be illegally issued against him.  Defendants Popwski, Styles, Caamano and Camacho had no legal basis to search, detain, arrest, seize, or cause charges to be issued, and did so maliciously with a motive to improperly detain, arrest, and imprison Plaintiff.  All of these actions were undertaken in violation of the Fourth Amendment's proscription of unreasonable searches and seizures.

57. The acts and/or omissions described herein were undertaken and conducted in a willful and malicious manner, with an immoral purpose to injure the person, reputation, standing and integrity of Plaintiff.  The Defendant Officers are, therefore, liable to Plaintiff for punitive damages.

58. The acts and/or omissions described herein were undertaken and conducted in a willful and malicious manner, with an immoral purpose to injure the person, reputation, standing and integrity of Plaintiff.  Defendants are, therefore, liable to Plaintiff for punitive damages.

59. As a direct and proximate result of Defendants' acts and/or omissions, Plaintiff was humiliated, disgraced, suffered damage to his reputation, physical and mental anguish and injury and monetary loss and damage all to his great detriment.

**FOURTH COUNT**
**Malicious Prosecution**
**42 U.S.C. § 1983 and the**
**New Jersey Civil Rights Act N.J.S.A. § 10:6-2 *et seq.***

60. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

61.  As a result of the false charges filed against Plaintiff, he was compelled to retain the services of an attorney(s) to represent and defend him.

62. There was no reasonable basis or probable cause for the charges filed and/or prosecution of Plaintiff by the Defendant Officers and those Defendants knew or should have known this to be the case.

63. The criminal action against Plaintiff was initiated by the Defendant Officers, was actuated by malice, was wholly lacking in probable cause, and the proceeding terminated favorably to the plaintiff given that the matter was administratively dismissed in its entirety on motion of the State.

64. The unlawful actions taken by the Defendant officers in initiating a prosecution against the Plaintiff without warrant, justification, and lacking in cause, probable or otherwise, deprived Plaintiff of due process, liberty, and property in contravention of the Fourteenth Amendment of the U.S. Constitution as well as the New Jersey Constitution.

65. As a direct and proximate result of Defendants' acts and/or omissions and their willful, intentional, false, malicious, or grossly negligent actions, Plaintiff suffered severe damage to his reputation and standing in the community, has suffered severe physical and emotional injury and harm and was forced to undergo the strain, tumult and cost of defending himself against false charges.

**FIFTH COUNT**
**Municipal Liability**
**42 U.S.C. § 1983 and the**
**New Jersey Civil Rights Act N.J.S.A. § 10:6-2** *et seq.*

66. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

67. At all relevant times, Defendants, City of Bayonne and/or the Bayonne Police Department, was the employer of the individual defendant officers, Popowski, Styles and Camacho and these individual defendants were acting as its agents, servants and employees.

68. City of Bayonne, Bayonne Police Department failed to use reasonable care in the selection of its employees, against and/or servants, failed to properly train and/or supervise the individual defendants, and failed to provide the appropriate safeguards to prevent the excessive force, assault, conspiracy, and collective violation of the Plaintiffs' rights.

69. City of Bayonne, Bayonne Police Department acted under color of law pursuant to an official policy or custom and practice of the City of Bayonne, Bayonne Police Department and intentionally, knowingly, recklessly or with deliberate indifference failed to properly and adequately control and discipline on a continuing basis its employees, agents and/or servants and/or otherwise failed to prevent the individual defendants from unlawfully and maliciously conducting, permitting or allowing the Constitutional violations alleged above in violation of

11

the rights, privileges and immunities guaranteed to Plaintiff by the Constitution and laws of the United States and/or New Jersey.

70. City of Bayonne, Bayonne Police Department had knowledge of, or had it diligently and reasonably exercised its duties to instruct, supervise, control and discipline its employees, agents and/or servants, would have had knowledge of the wrongful acts and/or omissions identified above and intentionally, knowingly or with deliberate indifference to Plaintiffs' rights, failed or refused to prevent their commission and/or omission.

71. City of Bayonne, Bayonne Police Department, therefore, directly or indirectly, and under color of law, thereby approved or ratified the unlawful, malicious and wanton conduct of the individual defendant police officers named herein.

72. Defendant City of Bayonne has repeatedly failed to train or supervise their officers in issuing truthful investigative reports and corresponding charges.

73. Indeed, the lack of training and supervision led to the Defendant Officers violating Plaintiff's constitutional rights.

74. The Policy maker for Bayonne knows the glaring need for training within the Bayonne Police Department; nonetheless, the Policy maker for Bayonne refuses to retain or properly train its officer, create a legitimate IA department, or properly investigate and discipline instances of police misconduct.

75. The lack of training and/or the inadequate training in these areas is tantamount to a custom and/or policy that encourages, and indeed as occurred here, necessitates, the violation of these fundamental rights.

12

76. In addition, the failure to train the Defendant Officers in these areas is tantamount to the City of Bayonne's deliberate indifference to these rights.

77. Moreover, the City of Bayonne had a custom and practice of inadequately investigating, if investigating at all, citizens' complaints regarding unlawful arrest and prosecution.

78. What is more, the City of Bayonne has a policy and practice of not disciplining officers if they are found to have violated a citizen's constitutionally protected rights and immunities.

79. Indeed, the City of Bayonne does conduct investigations into allegations of police misconduct, and they failed to conduct an investigation into the instant conduct.

80. These policies and procedures, in addition to the failure to train the officers in the relevant constitutional laws, reveal a deliberate indifference by the City of Bayonne regarding the rights of citizens such as the Plaintiffs.

81. This deliberate indifference to citizens' rights is a proximate cause of Plaintiffs' injuries.

82. Indeed, had the City of Bayonne properly trained its officers in then the violation of these rights would not have occurred.

83. What is more, had the City of Bayonne employed a meaningful IA bureau, rather than employing one that shields and insulates officers from liability, then perhaps the defendant officers here would not have felt they have the freedom to willfully and purposely violate the Plaintiffs' rights without any regard for consequences.

13

84. The complete lack of accountability, record keeping, as well as investigation into IA complaints renders the IA department nothing more than an arm of the police department that shields officers from liability.

85.  Finally, that the IA department does not meaningfully investigate complaints is tantamount to an approval of the tactic.

86. The failure to correct or cull the unlawful activities of these defendant officers as exposed by previous complaints caused Plaintiffs' injuries here as the officers acted in a cavalier manner due to the fact that they knew there would be no professional consequences for their action.

87. Indeed at least three of the Defendant Officers in this case, Popowski, Styles and Camacho, have engaged in serious civil rights violations which Defendant City of Bayonne has failed to address but allowing these specific Defendant to maintain their employment and continue terrorizing the civilians there swore to protect.

88. By way of example, Defendant Popowski, while acting in his official capacity, brutally beat a patron of a bar in Bayonne, NJ.

89. In an effort to cover up his own criminal conduct Defendant Popowski, like here, falsely arrested and charged his victim.

90. Popowski was charged criminally for that event and ultimately pled guilty to aggravated assault and was admitted into pretrial intervention.

91. Amazingly, the Bayonne Police Department failed to even investigate the incident and cleared Popowski to return to work.

92. Popowski was then again involved in an eerily similar situation in the matter of Rios v. Bayonne.

93. Likewise, Styles and Camacho have also had similar run-ins.

94. In fact, Defendant Styles is presently under Federal Indictment for falsifying a police report in order to cover-up his former colleague's vicious assault of a civilian.

95. It defies logic how Defendant Styles is even permitted to arrest people while he is under federal Indictment for conduct directly related to his job.

96. Likewise, Defendant Camacho was a fellow responding officer in the event for which Defendant Styles is under Indictment for.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands that judgment be entered against the Defendants, jointly and severally, for:

(a) any and all damages sustained by the Plaintiff arising from the foregoing wrongful and unlawful acts of the Defendants;

(b) punitive damages;

(c) interest, both pre-judgment and post-judgment;

(d) attorney's fees;

(e) costs;

(f) injunctive relief, including but not limited to:

(i)     An order from this Court enjoining the Bayonne Police Department from continuing its pattern and practice of violating citizens' civil rights;

(ii)    placement of the Bayonne Police Department in receivership for the purpose of instituting programs to train, instruct, discipline, control, and supervise the officers of the Bayonne Police Department;

(g) and all such other relief as this court may deem appropriate, equitable, and just.

## JURY DEMAND

Plaintiff demands a trial by jury in this action for all issues triable by a jury.

## DESIGNATION OF TRIAL COUNSEL

Joel Silberman, Esq. and Aymen A. Aboushi are hereby designated as trial counsel.

## CERTIFICATION PURSUANT TO L.CIV.R.11.2

I certify that the matter in controversy is not the subject of any other action pending or contemplated. I further certify that I am aware of no other parties who should be joined in this matter.

DATED: April 26, 2018

Respectfully submitted,

| | |
|---|---|
| The Law Offices Of Joel Silberman | The Aboushi Law Firm PLLC |
| BY:     s/ Joel Silberman | By:     s/ Aymen Aboushi |
| Joel Silberman, Esq. | Aymen A. Aboushi, Esq. |
| 549 Summit Avenue | 1441 Broadway, 5th Floor |
| Jersey City, NJ 07306 | New York, NY 10018 |
| Tel. (201) 420-1913 | Tel. (212) 391-8500 |
| Fax (201) 420-1914 | Fax (212) 391-8508 |
| Email: joel@joelsilbermanlaw.com | Email: Aymen@aboushi.com |

17